IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-cv-00153-RLV
(5:09-cr-00025-RLV-DCK-5)

| | |
|---|---|
| ANDERSON CONTRERAS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Respondent's motion to dismiss Petitioner's pro se motion to vacate, set aside or correct sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Respondent's motion to dismiss will be granted.

## I. BACKGROUND

Petitioner and others were charged by the grand jury in this district in a second superseding bill of indictment with one count of conspiring to possess with intent to distribute at least 5 kilograms of cocaine, and at least 50 grams of cocaine base, or crack cocaine, and also at least 1000 kilograms of marijuana, all in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One). (5:09-cr-00025, Doc. No. 64: Second Superseding Indictment).

Petitioner was appointed counsel and soon entered into a written plea agreement with the Government wherein he agreed to plead guilty to conspiracy to possess and distribute cocaine and he admitted that the amount of cocaine that was involved in the conspiracy and reasonably foreseeable to him was in excess of five (5) kilograms but less than fifteen (15) kilograms. (Id., Doc. No. 124: Plea Agreement). In the plea agreement, Petitioner also specifically chose to

1

waive his right to contest his conviction or sentence on direct appeal or collaterally, except on claims of prosecutorial misconduct and/or ineffective assistance of counsel. Petitioner appeared with counsel before U.S. Magistrate Judge David S. Cayer for his Plea and Rule 11 hearing and he was placed under oath. The relevant terms of the plea agreement were reviewed with Petitioner and he admitted that he understood and agreed with the terms of his plea agreement, including his decision to waive his right to directly appeal or collaterally attack his conviction or sentence except for the two exceptions noted above. Petitioner's plea of guilty was accepted after the court found that it was knowingly and voluntarily entered. (Id., Doc. No. 125: Acceptance and Entry of Guilty Plea).

The U.S. Probation Office prepared a presentence investigation report (PSR) in advance of Petitioner's sentencing hearing. The probation officer calculated a total offense level of 29 and a criminal history category III, yielding a Guidelines range of 108 to 135-months' imprisonment, however because the statutory minimum term was 120-months, the Guidelines range increased to 120 to 135 months in prison. See U.S. Sentencing Guidelines Manual (USSG) § 5G1.1(c)(2) (2010). (Id., Doc. 166: PSR ¶ 101). After reviewing the PSR with his attorney, Petitioner appeared with counsel for his sentencing hearing and he was sentenced to a term of 120-months' imprisonment and he did not appeal. (Id., Doc. No. 173: Judgment in a Criminal Case). This § 2255 proceeding follows and Petitioner's claims will be discussed below.

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.

The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner raises two claims for relief in his § 2255 motion. First, Petitioner argues that that this Court violated his Fifth and Sixth Amendment rights by erroneously ruling that Petitioner did not qualify for a safety valve reduction under 18 U.S.C. § 3553(f) and USSG § 5C1.2. Secondly, Petitioner argues that he received ineffective assistance of counsel because his attorney failed to object to the use of two criminal history points that were assessed based on the probation officer's finding that Petitioner was on state probation at the time he committed the offense that was charged in Count One of his federal indictment. (5:11-cv-153, Doc. No. 1: Section 2255 motion).

    A.    First Claim (Safety Valve)

The Respondent argues that Petitioner waived his right to present his first claim based on the express terms of his plea agreement. Specifically, Respondent argues that Petitioner's challenge to this Court's decision on whether to grant a safety valve reduction is expressly prohibited by Petitioner's agreement to waive his right to contest his sentence, except on claims of prosecutorial misconduct and/or ineffective assistance of counsel. (Id., Doc. No. 7: Government's Response at 4).[1]

---

[1] In order to qualify for a safety valve reduction below a mandatory minimum under 18 U.S.C. § 3553(f), a defendant must establish five things: (1) that he has no more than one criminal history point; (2) the defendant did not commit violence or threatening action or possess a firearm during the charged offense; (3) the offense did not result in the death or serious injury to any person; (4) the defendant did not qualify as an organizer, leader, manager or supervisor, as provided for in the Guidelines, during the commission of the charged offense; and (5) no later than the time of sentencing, the defendant has provided the government with all the truthful information known to him

A defendant may waive his right to contest his sentence in a collateral proceeding if the decision to waive his rights is knowingly and voluntarily made. See United States Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary.").

In his memorandum in support of his § 2255 motion, Petitioner plainly states that he "does not challenge the [validity] of his appeal waiver, rather it's [sic] scope." (Id., Doc. No. 1-1 at 4). Importantly, Petitioner concedes that he validly waived his right to contest his sentence, but he nevertheless disagrees that the challenge to the application of the safety valve is encompassed within this waiver. This argument is without merit.

Petitioner appeared for his Plea and Rule 11 hearing and he was placed under oath and the critical provisions of his plea agreement were explained to him, in particular, the waiver of his right to collaterally attack his sentence except on grounds of prosecutorial misconduct and/or ineffective assistance of counsel. Petitioner averred that he agreed with each of the terms of his plea agreement and his plea was accepted after the court concluded that it was knowingly and voluntarily entered. At the outset of Petitioner's sentencing hearing, this Court confirmed that Petitioner's guilty plea was knowingly and voluntarily entered and his plea of guilty was accepted. "The advantages of plea bargains 'can be secured, however, only if dispositions by guilty plea are accorded a great measure of finality.'" Lemaster, 403 F.3d at 219-20 (quoting Blackledge v. Allison, 431 U.S. 63, 71 (1977)).

The Court finds that first, under the facts presented in this case, Petitioner's challenge to the application of the safety valve falls squarely within the waiver provision of the plea

---

regarding the offense of conviction.

agreement, and second, that Petitioner, after having knowingly waived his right challenge his sentence in a collateral proceeding, is barred from pursuing his claim regarding trial court error in declining an application for a safety valve reduction.

      B.      Second Claim (Ineffective Assistance of Counsel)

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the standard set forth in Strickland. In regard to the second prong, Petitioner must demonstrate that he was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice

5

prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

Here, Petitioner contends that his trial counsel erred in failing to object to the addition of two criminal history points which were added because the probation concluded that Petitioner was on probation at the time he committed the offenses charged in Count One of his federal indictment. (Id., Doc. No. 1-1 at 2). In the second superseding indictment, the grand jury charged Petitioner with participating in a conspiracy to possess with intent to distribute, among other drugs, cocaine, with such conspiracy beginning "in or about 2006 through the present . . ." and this timeframe would encompass December 15, 2009, which is the day the second superseding indictment was filed. (5:09-cr-00025, Doc. No. 64).

According to his PSR, Petitioner was convicted on July 11, 2006, on four felony offenses in Catawba County Superior Court for possession of stolen goods and one felony count of possession of a stolen vehicle. The convictions were consolidated for sentencing and Petitioner was given an 8-10 month suspended term of imprisonment and placed on 36 months of supervised probation and 6 months of intensive probation.[2] On April 17, 2008, Petitioner admitted in state court that he had violated terms of his probation and his probationary sentence was modified to reflect a reduction in his monetary payments, and 75 hours of community service was ordered. (Id., Doc. No. 166: PSR ¶¶ 30-31). Petitioner's state probation was later

---

[2] The PSR also noted that Petitioner was convicted on February 28, 2008, on one count of driving while license revoked and he was placed on 18-months of probation.

6

placed into "Non-Reporting Status" for the express reason that he had been detained "due to the instant offense," that is, due to the conduct charged in his federal indictment.

Based on the foregoing, it is clear that Petitioner was on state probation at the time he committed the federal drug conspiracy offense – a conspiracy ranging from 2006 until December 15, 2009, and during this time span Petitioner committed six offenses for which he was placed on state probation. Accordingly, his counsel was not ineffective in declining to argue that he was not on probation at the time he committed the federal drug conspiracy offense and his claim for ineffective assistance of counsel on this claim will be denied.

Finally, Petitioner's renewed argument that he could have qualified for the safety valve reduction must be rejected. At sentencing the Court found that the points used to establish Petitioner's criminal history category were correct and furthermore, Petitioner's counsel specifically noted that that the Government did not feel that Petitioner had provided the necessary cooperation or information to qualify for a safety valve reduction thus even if his criminal history points were incorrect, he failed to satisfy the fifth element to qualify for a safety valve reduction. See (5:09-cr-00025, Doc. No. 278: Sentencing Tr. at 5).

## IV. CONCLUSION

For the reasons stated herein, the Court finds that the claims raised in Petitioner's Section 2255 motion are without merit and accordingly, he is entitled to no relief in this collateral proceeding.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to dismiss is **GRANTED**. (Doc. No. 8).

**IT IS FURTHER ORDERED** that Petitioner's § 2255 Motion is **DENIED** and

**DISMISSED**. (Doc. 1).

    **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issues a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

    **IT IS SO ORDERED.**

Signed: December 18, 2014

*[Signature]*

Richard L. Voorhees
United States District Judge